## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### Honorable Howard R. Tallman

| | |
|---|---|
| In re: | ) |
| | ) |
| **RICHARD E. WALLIS,** | ) **Case No. 08-11081 HRT** |
| | ) **Chapter 13** |
| Debtor. | ) |
| | ) |
| | ) |
| **RICHARD E. WALLIS,** | ) **Adversary No. 14-1426 HRT** |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **INTERNAL REVENUE SERVICE,** | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION TO DISMISS

This case comes before the Court on *United States' Motion to Dismiss* (docket #4) (the "Motion").

### I. FACTS

For clarity, the Court has supplemented the factual allegations contained in the complaint with procedural facts apparent from the Court's files.

1.  Plaintiff/Debtor filed this case under chapter 13 on January 31, 2008.

2.  Plaintiff's Schedule E, dated January 31, 2008, lists two debts to the IRS:
    a.  an undisputed debt for 2004 taxes in the amount of $7,500.00
    b.  a disputed debt for 2005 taxes in the amount of $50,000.00

3.  On March 28, 2008, the IRS filed Claim No. 7-1 asserting the following claims:
    a.  $29,524.00 unsecured priority debt for tax year 2005
    b.  $3,585.00 general unsecured debt for penalties on unpaid taxes

ORDER ON MOTION TO DISMISS
Adversary No. 14-1426 HRT

4.      On April 8, 2008, the IRS filed Claim No. 7-2 amending its original claim filed on March 28, 2008,[1] and asserting the following claims:

      a.    $29,524.00 unsecured priority debt for tax year 2005

      b.    <u>$23,134.00</u> unsecured priority debt for tax year 2007
            $52,658.00 total unsecured priority debt

      c.    $3,585.00 general unsecured debt for penalties on unpaid taxes

5.      On June 10, 2008, the Court confirmed the Plaintiff's Amended Chapter 13 Plan dated May 5, 2008. That plan provided for full payment of the IRS's unsecured priority claim in the amount of $52,658.00.

6.      On September 4, 2008, the Plaintiff filed a motion to disallow the IRS's Claim No. 7-2. In support of his motion, the Plaintiff asserted that he had filed amended tax returns. The IRS did not respond. On March 24, 2009, the Plaintiff filed a certificate of non-contested matter and on March 25, 2009, the Court entered its order granting the motion to disallow Claim No. 7-2.

7.      On April 8, 2009, the IRS filed Claim No. 7-3 to amend its claim filed on March 28, 2008. This claim asserts an unsecured priority claim in the amount of $23,263.29 for tax year 2007. The claim makes no reference to the previously filed claim for tax year 2005 unpaid taxes.

8.      On July 7, 2009, the Court entered its order granting the Plaintiff's motion to modify his confirmed plan. Plaintiff's modified plan, dated June 1, 2009, provides for full payment of IRS's $23,263.29 priority tax claim.

9.      On March 9, 2010, the IRS filed Claim No. 7-4 to amend its claim filed on March 28, 2008. This claim asserts an unsecured priority claim in the amount of $13,394.62 for tax year 2007. The claim makes no reference to the previously filed claim for tax year 2005 unpaid taxes.

10.      The Plaintiff made no further modification to his chapter 13 plan.

11.      The Chapter 13 Trustee's final report in this case shows that she paid the IRS's priority claim in full in the amount of $13,394.62. The report also shows that the Trustee made payments in the amount of $29,454.92 to general unsecured creditors on total allowed unsecured claims in the amount of $106,115.53.

---

[1] The IRS's amended proofs of claim reference a prior proof of claim filed on March 21, 2008. However, that is the date that Claim No. 7-1 was apparently signed. It was not filed until March 28, 2008.

ORDER ON MOTION TO DISMISS
Adversary No. 14-1426 HRT

12.     The Plaintiff received his discharge on June 3, 2013, following completion of
        payments under his chapter 13 plan.

13.     Plaintiff alleges that the IRS engaged in collection efforts both during the
        pendency of the Plaintiff's chapter13 bankruptcy case and following the entry of
        the Plaintiff's discharge.

## II.  DISCUSSION

Despite the fact that parties have referenced documents and events lying outside the four
corners of the Plaintiff's complaint, the Court will treat Defendant's Motion strictly as a motion
to dismiss, under FED. R. CIV. P. 12(b)(6),[2] for failure to state a claim.

In his complaint, the Plaintiff seeks the following relief.

A)     determine that taxes for 2005 are discharged in debtor's bankruptcy;
B)     for a finding that the conduct of the IRS is in violation of Section 362 and
       Section 524;
C)     enter a judgment in favor of plaintiff, for intentional infliction of
       emotional distress and against defendant, for all of plaintiff's attorneys
       fees and costs and expenses incurred in this case;
D)     for such other and further relief consistent with this action.

## A.  Construction of Plaintiff's Complaint

The style of the Plaintiff's complaint is not as clear as it could be.  Plaintiff's complaint
consists of numerous paragraphs containing general allegations followed by four requests for
relief.  The complaint does not plead causes of action under separate counts and does not
distinguish causes of action from requested damages.  Nor is the Plaintiff strong on the citation
of statutory or other authority for the relief he requests.  The Court construes the Plaintiff's
complaint as setting out causes of action for: 1) declaratory relief; 2) violation of the discharge
injunction; and 3) violation of the automatic stay.

The Plaintiff's request for "a judgment in favor of plaintiff, for intentional infliction of
emotional distress and against defendant, for all of plaintiff's attorneys fees and costs and
expenses incurred in this case" is ambiguous.  However, the Court construes that language as a
request for damages on account of violations of the automatic stay and the discharge injunction
as opposed to an attempt to plead a stand-alone cause of action in tort for intentional infliction of

---

[2] Made applicable to this proceeding under FED. R. BANKR. P. 7012.

ORDER ON MOTION TO DISMISS
Adversary No. 14-1426 HRT

emotional distress. Therefore, the Court will not address the Plaintiff's request for damages on account of emotional distress in the context of the IRS's Rule 12(b)(6) Motion.

B.  Claim for Declaratory Relief

The request for relief that overshadows all other issues presented in this case is whether the Plaintiff's 2005 liability to the IRS for unpaid taxes was discharged in his bankruptcy case. If that debt was not discharged, then the IRS's enforcement actions conducted following the Plaintiff's discharge could not be in violation of the discharge injunction.  11 U.S.C. § 524.  In support of the Plaintiff's claim that his 2005 tax liability was discharged in his bankruptcy case, the Plaintiff alleges that the Court disallowed IRS Claim No. 7-2 and that the IRS omitted any claim for that 2005 tax liability in either of its amended claims; Claim No. 7-3 or Claim No. 7-4.

The Bankruptcy Code provides, in relevant part, that after a debtor completes all payments under a chapter 13 plan,

> the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt-- . . . of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a) . . ..

11 U.S.C. § 1328(a)(2).

The relevant provision is in the disjunctive.  If the 2005 tax liability was provided for by the Plaintiff's plan, then it was discharged.  Plaintiff does not allege that he provided for the 2005 tax liability under his plan.  Alternatively, if the IRS's claim for 2005 tax liability was "disallowed under section 502," then it was discharged.  The Plaintiff alleges that the IRS's claim for 2005 tax liability was objected to and disallowed.  Those allegations are sufficient – but barely – to state a claim under 11 U.S.C. § 1328 for a declaration that Plaintiff's liability for 2005 income taxes was discharged in his chapter 13 case.

It is readily apparent that Claim No. 7-2 was disallowed on account of the IRS's default in responding to the Plaintiff's objection.[3]  The objection did not state a substantive ground for disallowance under 11 U.S.C. § 502(b).  That raises the question of whether, under these circumstance, the IRS tax claim constitutes a debt that is "disallowed under section 502," as that term is used in 11 U.S.C. § 1328(a).  That is an issue the Court will not address at this time

---

[3] The IRS disputes the effect of the Court's order disallowing Claim No. 7-2 on the grounds that it did not receive notice of the Plaintiff's motion to disallow that claim.  That raises a factual matter that the Court will not address in the context of this Motion under Rule 12(b)(6).

ORDER ON MOTION TO DISMISS
Adversary No. 14-1426 HRT

without briefing by the parties going to the issue.  Nor have the parties discussed whether any of the several discharge exceptions in § 1328(a)(2) are applicable to the IRS claim.

C.  Claim for Violation of the Discharge Injunction

The Plaintiff further alleges that the IRS has violated the discharge injunction, 11 U.S.C. § 524, with respect to its efforts to collect his 2005 income tax liability.  Specifically, the Plaintiff alleges that the IRS mailed collection notices to him following entry of his discharge and "continues to threaten a levy on the Social Security benefits of the plaintiff."

As a general matter, § 524 imposes an injunction prohibiting creditors from attempting to collect debts that have been discharged in a bankruptcy proceeding.  Absent from § 524, however, is any provision for a remedy where a creditor violates the injunction.  In the case of a private creditor, the remedy for violation of the discharge injunction would lie in proceedings for civil contempt under 11 U.S.C. § 105.  *In re Canning*, 706 F.3d 64, 69 (1st Cir. 2013).  *See, also, In re Montano*, 488 B.R. 695, 710 (Bankr. D. N.M. 2013).  "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."  *U.S. v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947) (citing *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 447-48 (1911)).

Here, the Plaintiff alleges that the IRS has violated the discharge injunction.  The remedy for the IRS's willful violation of the discharge injunction lies not in civil contempt proceedings but under the Internal Revenue Code.

If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of Title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States.

26 U.S.C. § 7433(e)(1).

Section 7433 further provides, in relevant part, that "notwithstanding section 105 of such Title 11, such petition shall be the *exclusive remedy* for recovering damages resulting from such actions."  26 U.S.C. § 7433(e)(2)(A) (emphasis added).

A party seeking redress for IRS's alleged willful violation of the discharge injunction must proceed under 26 U.S.C. § 7433(e).  Furthermore, and relevant to the instant Motion under Rule 12(b)(6),

ORDER ON MOTION TO DISMISS
Adversary No. 14-1426 HRT

> [a] judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has *exhausted the administrative remedies* available to such plaintiff within the Internal Revenue Service.

26 U.S.C. § 7433(d)(1) (emphasis added).  A party seeking damages under § 7433(e) – the exclusive remedy for IRS's willful violation of the discharge injunction – must exhaust administrative remedies before a recovery of damages may be had in the bankruptcy court.

The Court cannot find that the Plaintiff has made out a claim for relief on account of the IRS's alleged violation of the discharge injunction.  The Plaintiff makes no reference to 26 U.S.C. 7433 or any other authority entitling him to relief.  Nor, if § 7433 is the applicable authority – as it appears to be – does the Plaintiff plead that he has exhausted his administrative remedies.  Because the Court cannot enter judgment under § 7433 unless it finds that the Plaintiff has exhausted administrative remedies, the Court finds that exhaustion of remedies is an essential element of the Plaintiff's claim that must be pled.  The Court will dismiss the Plaintiff's claim for damages on account of IRS's alleged violation of the discharge injunction for failure to state a claim.

D.  Claim for Violation of the Automatic Stay

The Plaintiff also claims that the IRS has violated the automatic stay.  11 U.S.C. § 362.  Those allegations do not survive the IRS's Motion.  The Plaintiff's allegations lack factual detail.  They are vague and conclusory and do not satisfy the requirements of notice pleading under FED. R. CIV. P. 8(a).[4]  *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.").

III.  CONCLUSION

In accordance with the above discussion, it is

**ORDERED** that the *United States' Motion to Dismiss* (docket #4) is GRANTED IN PART and DENIED IN PART.  It is further

**ORDERED** that the *United States' Motion to Dismiss* (docket #4) is GRANTED with respect to the Plaintiff's claim for relief for violation of the automatic stay, under 11 U.S.C. § 362.  Plaintiff's claim for relief on account of Defendant's alleged violation of the automatic stay is DISMISSED without prejudice, for failure of the Plaintiff to state a claim.  It is further

---

[4] Made applicable to this proceeding by FED. R. BANKR. P. (8)(a).

ORDER ON MOTION TO DISMISS
Adversary No. 14-1426 HRT

**ORDERED** that the *United States' Motion to Dismiss* (docket #4) is GRANTED with respect to the Plaintiff's claim for relief for violation of the discharge injunction, under 11 U.S.C. § 524.  Plaintiff's claim for relief on account of Defendant's alleged violation of the discharge injunction is DISMISSED without prejudice, for failure of the Plaintiff to state a claim.  It is further

**ORDERED** that the *United States' Motion to Dismiss* (docket #4) is DENIED with respect to the Plaintiff's claims for declaratory relief that the Plaintiff's 2005 income tax liability was discharged in his chapter 13 bankruptcy proceeding under 11 U.S.C. § 1328.  It is further

**ORDERED** that the IRS shall file its answer to the Plaintiff's remaining cause of action no later than twenty-one (21) days after the date of this Order.

Dated this ___6th___ day of November, 2014.

**BY THE COURT:**

*Howard Tallman*

Howard R. Tallman, Judge
United States Bankruptcy Court